# CARTER LEDYARD MILBURN

Alexander G. Malyshev
Partner
malyshev@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8618

September 6, 2023

**BY EFILE**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, New York 10007

APPLICATION GRANTED
SO ORDERED

*/s/ John G. Koeltl*
John G. Koeltl, U.S.D.J.
9/6/23

Re:   Koziar v. Blammo Ltd. at al., 23-cv-07870 (S.D.N.Y. 2023) (JGK)

Dear Judge Koeltl:

My firm represents the plaintiffs in the above titled matter, Oleg and Rimma Koziar. I write pursuant to Rule 2(A) and (B) of Your Honor's Individual Practices to respectfully request leave of Court to serve the enclosed subpoenas on non-parties Domains By Proxy, LLC, Community Federal Savings Bank, and Bank of America, N.A., prior to the parties' Rule 26(f) conference. Good cause exists to proceed with the subpoenas at this time because they are necessary for Plaintiff to identify the defendants that are the subject of the Complaint filed in this matter on September 5, 2023.

By way of background, and as further detailed in Plaintiff's Complaint (ECF Doc. No. 1), between February 2023 to August 2023, Plaintiffs were victimized by unknown cybercriminals operating a scheme known as "Blammo,"[1] by which they extracted $669,400 from Plaintiffs. While the majority of the money was extracted via cryptocurrency transfer, Plaintiffs were instructed to make two wires, one to Alamas Group Europe OU ("Alamas") (which maintains a bank account at Community Federal Savings Bank) and one to Serpstat Global, Ltd. ("Serpstat") (which maintains a bank account at Bank of America, N.A.). The Serpstat wire was returned. The Blammo website was registered by Domains By Proxy, LLC, and Arizona company.[2] By serving these subpoenas, Plaintiff intends to find the names tied to the various accounts.

Plaintiffs commenced this action against the cybercriminals on September 5, 2023, asserting claims arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and common law but, because their names and identities are presently unknown, the cybercriminals are named in the Complaint as "John Doe" defendants (and even the Blammo Ltd. name appears to be fictional). Plaintiffs wish to serve the enclosed subpoenas in furtherance of their efforts to ascertain who the defendants are, where they are located, and what has happened to the funds.

---

[1] Blammo: All-in-one Crypto Financial Services Platform (blammoltd.com) (last accessed August 29, 2023).
[2] WHOIS search results (godaddy.com) (last accessed September 6, 2023).

# CARTER LEDYARD MILBURN

-2-

If successful, Plaintiffs anticipate amending the Complaint to set forth the defendants' true names and identities.  Pursuant to Fed. R. Civ. P 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized … by court order." As there is no known defendant at this time with whom we may confer under Rule 26(f), we respectfully request that the Court issue an order permitting Plaintiffs to serve the enclosed forms of subpoena.

We thank the Court for its time and attention to this matter. Should Your Honor have any questions or require anything further, please let me know.

Respectfully submitted,

*Alexander G. Malyshev*

Alexander G. Malyshev

AGM:
Enclosure(s)